IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

RUSSELL ANDRE TIMLEY, :
:
    Petitioner :
:
VS. :
: CIVIL ACTION NO.: 1:06-CV-125 (WLS)
JAMIL SABA, Sheriff, :
:
    Respondent :
:
_____:

## ORDER

Petitioner **RUSSELL ANDRE TIMLEY**, an inmate at the Dougherty County Jail in Albany, Georgia, has filed a petition for writ of habeas corpus under 28 U.S.C. §2254. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). It appears that petitioner is unable to pay the cost of commencing this action and, therefore, petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

On August 14, 2006 in the Dougherty County Superior Court, petitioner pled guilty to two counts of selling cocaine and received a sentence of five years. His petition for writ of habeas corpus under 28 U.S.C. §2254 shows that he did file an application for writ of habeas corpus in the Dougherty County Superior Court on August 16, 2006, and this action is still pending.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> The original [habeas corpus] petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. **If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.** (emphasis added)

It clearly appears from the face of the petition that petitioner has <u>not</u> exhausted state remedies available to him. According to petitioner's submissions, petitioner has a writ of habeas corpus currently pending in the Dougherty County Superior Court.

It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (citing ***Ex Parte Royall***, 117 U.S. 241 (1886)). This exhaustion requirement has been codified at 28 U.S.C. § 2254 (b)-(c). The exhaustion requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (quoting ***Fay v. Noia***, 372 U.S. 391, 438 (1963)). Moreover, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3). The State of Georgia has a stated policy of <u>not</u> waiving exhaustion.

Under the above circumstances, the petitioner cannot proceed in federal court with a habeas corpus petition at this time. He must first exhaust his remedies in the state courts. Once he has completed all avenues available to him in the state courts, he will then be permitted to return to federal court. Accordingly, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE** to the right of the petitioner to re-file once he has afforded the state courts an opportunity to review and rule on his grounds for relief.

**SO ORDERED**, this _8th_ day of September, 2006.

_____
W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT